# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1685

_____

United States of America,                    *
                                             *
        Appellee,                       *
                                             *    Appeal from the United States
    v.                               *    District Court for the
                                             *    District of Minnesota.
Maria Lynn Burke,                            *         [UNPUBLISHED]
                                             *
        Appellant.                      *

_____

Submitted:  October 16, 2001

Filed:  December 3, 2001

_____

Before WOLLMAN, Chief Judge, LAY, and RILEY, Circuit Judges.

_____

PER CURIAM.

      Maria Lynn Burke pleaded guilty to one count of theft of mail by a postal employee, 18 U.S.C. § 1709.  The parties entered into a plea agreement that did not set forth the amount of loss.  At sentencing, the district court[1] recognized a later stipulation by Burke that the government could prove a loss of $65,000 by preponderance of the evidence.  Relying on the $65,000 amount of loss, the court imposed a sentence of twelve months and one day of imprisonment, to be followed

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

by three years of supervised release. Burke appeals her sentence, arguing that Apprendi v. New Jersey, 530 U.S. 466 (2000) requires that the amount of loss be proved beyond a reasonable doubt.

Burke concedes that our cases interpreting Apprendi require a finding of proof beyond a reasonable doubt only when a factual determination other than the fact of prior conviction increases the sentence beyond the statutory maximum. E.g., Aguayo-Delgado v. United States, 220 F.3d 926, 933 (8th Cir. 2000). Conviction under § 1709 carries a statutory maximum of five years' imprisonment. The amount of loss determination here resulted in a sentencing range of twelve to eighteen months. Because Burke's sentence of twelve months and one day does not exceed the statutory maximum, Apprendi does not apply.

Burke urges us to overrule Aguayo-Delgado. One panel of this court may not overrule the decision of a previous panel. United States v. Womack, 985 F.2d 395, 399 (8th Cir. 1993) (quoting Dudley v. Dittmer, 795 F.2d 669, 673 (8th Cir. 1986)), and thus we are without authority to consider her request.

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.